## BLIZARD *v.* MOSLEY.

No. 6233. September 19, 1928.

*William B. Kent,* for plaintiff in error.

*P. M. Mosley* and *H. W. Nalley,* contra.

BECK, P. J. An execution in favor of P. M. Mosley was levied upon a tract of land as the property of the defendant in fi. fa., and Mrs. L. R. Blizard, the wife of the defendant in fi. fa., interposed a claim. Upon the trial the jury found the property subject. The claimant made a motion for new trial, which was overruled, and she excepted.

The first special ground of the motion for new trial is as follows: "Because the court refused to declare a mistrial during the progress and while the said claimant and the movant was on the stand as a witness in her own behalf, when she had a faint-

ing spell and became unable to complete her testimony and had to be carried from the court-room and to her home under the care of attendants. She was not allowed to be present during the progress of her trial further, and could not assist her counsel, neither she nor her husband, as her husband was forced out of the court-house with her and had to remain with her about two hours before he was enabled to come back and assist in the presentation of the said case to the court and to the jury. The attorney for the said movant moved the court to declare a mistrial and have the said case taken from the jury, stating in his place as counsel for the said claimant that he desired her further testimony to complete her defense to the said levy on her property, and needed her in rebuttal to any testimony that might be offered later by the said plaintiff in fi. fa. The said movant was the first witness for the claimant, and before she finished her testimony in the said case and while in the progress of her testimony and before she was enabled to tell her complete side of the case, she becoming sick on the witness-stand, she had a spell, and then her attorney, Wm. B. Kent, moved the court to allow the case withdrawn from the consideration of the jury and a mistrial declared, as he could not try the case without the presence of his client, that he could not safely proceed with the further progress of the trial without the presence of his client, said case having never been continued but one time before on account of the illness of the claimant, and the attorney stating in his place in open court to the honorable presiding judge that if the case was continued, and the case allowed withdrawn from the jury, that he would promise the court that he would take the depositions of the said claimant and would not further ask for any continuance of the case. The court first stated that he would withdraw the case from the jury and continue the same for the term, but after recessing ten minutes and waiting on the improvement of the condition of the claimant, it appearing that instead of getting better she became worse, and was about to die, then after the ten minutes adjournment the trial judge announced that he decided to proceed with the trial, and did so proceed with the same, and the attorney for the movant went on for about two hours without any one to assist him as a client and entirely through the balance of the case without his client, her husband coming back in about two hours and sitting

with the claimant's attorney and doing what he could to assist in the presentation of the case. The continuances of the movant were not exhausted, as she had only asked for a continuance once before, and then promised the court to be in court at the next term to proceed, if Providence permitted, which she did and was in court and did all she could to proceed with the case, but illness overtook her and she was denied the right of being present and presenting her complete evidence of the case, and her attorney was denied the right of her presence and assistance in the case during the entire progress of the trial of the case; denied her right of cross-examination and her right to rebut the evidence tending to show her claimed property was subject to the said fi. fa." The second ground raises the same question in a different form.

To these two grounds of the motion the trial judge appended the following note: "Grounds 1 and 2 are approved as qualified by this note, as follows: At a previous term of this court, this case was continued by the claimant on the ground that she was unable to attend the trial. It was then shown that she was such invalid that it was doubtful that she would ever be able to attend the trial of the case. Thereupon the case was continued, with a statement of the court that her testimony might be taken, but the case at any rate would not be again continued on account of the illness of the claimant. When the case was called at this term, claimant was present and the case proceeded to trial. After a lengthy examination on her part by her counsel and by that of the plaintiff, and after she had been examined directly and on cross-examination, and then had been examined pro and con by both her counsel and that of plaintiff, and when she was being examined and had testified fully, she fainted and was unable to proceed with the trial. The case was temporarily suspended; she left the court-room and was apparently unable to return. She apparently knew nothing about the conduct of the case, but her husband was present and assisting her counsel, who moved for a mistrial on account of her illness. At first I thought I would grant it, but reconsidered, and refused it. From the showing made before, and from her general appearance, there was no reason to believe she would ever be able to be present. I did not think she was then able or would thereafter be able to be in court. Her counsel stated that he wished her present at the trial, but he did not state he could not safely

go on without her presence. Nor did he state to the court that there was any other matter that he wished to prove by her. She had already been fully examined by both sides, and neither party nor their counsel informed the court of any other matter that they wished to ask the claimant. The case was not reported, but her evidence was lengthy. I did not then think nor can I now think of anything else that might have been asked her that would have shed any light on the case. The evidence briefed does not show the length of her testimony, but in a brief manner only gives such parts of her testimony as counsel considered material to the case. She was an old woman, and could not possibly have been of any further aid, had she been able to have remained in court, to counsel in the trial of the case. As was disclosed by her attorney and by that of her husband, the whole transaction concerning the land had been handled by her husband, and she really knew very little about the case."

In the opinion of the majority of the court, under all the facts set forth above, and the statement in the note of the judge, the motion for a mistrial should have been granted and the case either postponed or continued for the term. While the court had, at a previous term, stated to counsel that the testimony of the claimant might be taken by interrogatories, and that the case would not be continued again on account of the illness of the claimant, nevertheless, in view of the sudden access of the serious illness of the claimant, who actually appeared at the trial and who entered upon the same, but was prevented by illness from continuing through the trial, there should have been a postponement of the trial either to another day during the term or a continuance to the following term. The claimant did not ask for a continuance when the case was called, but went into the trial. There is nothing to indicate that the motion was not made in good faith, or that the sickness was feigned. The sudden illness appears to have come upon the claimant unexpectedly. The request for a mistrial was based upon providential cause, and the court should not have refused it; and having refused it, a new trial must be granted.

With all due deference to the opinion of the majority, the writer can not concur in the holding. It seems clear that the question as to whether the motion should have been granted was a matter well within the discretion of the court, and there was no abuse of dis-

cretion in overruling the motion made for a mistrial. This is especially true, it would seem, in view of the fact that the claimant's husband was present in court to assist her counsel, and she had been fully examined in chief and had been cross-examined. The discretion of the trial court in such matters can not be controlled by a reviewing court, unless there is a manifest abuse of the same; and in the present case no such abuse is made to appear. Quite the contrary, it seems to me. Mr. Justice Gilbert concurs in this dissent.

■ The ruling in the second headnote requires no elaboration; and as the case is remanded for another trial, no opinion is expressed as to the sufficiency of the evidence.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Gilbert, J., who dissent.*

GILBERT, J. In addition to what has been said by the Presiding Justice, it seems proper to add the following: There was no motion to continue. The motion was for a mistrial. The court did recess or suspend the hearing, and there seems to be no contention that the suspension was unreasonably short. The motion for a mistrial was not based on any misconduct of the opposite party, nor is any ruling of the court alleged to be prejudicial to the claimant. The ground of the motion was illness of the claimant. The movant did not so much as comply with the statutory requirement necessary for a continuance on the ground of the absence of a client. It was not stated that counsel could not safely proceed with the trial without the claimant. The husband assisted counsel in the case for the claimant and was present. The real question, therefore, is whether the fainting spell of the claimant was calculated to prejudice her case; did it prejudice or influence the minds of the jurors against her? It seems unlikely that it did, as the general experience of mankind is that all men are sensitive to all female suffering, and that the tendency would be the converse, or to help and not hinder her case. At any rate the presiding judge was in much better position to judge of this than this court would be. And it would not be reasonable for this court to interfere with what appeared to be his sound discretion in the matter.

There is another reason for not granting a new trial in this case. After a careful reading of the evidence I can not see how

the jury could have reached any other verdict. The uncontested evidence shows that the grantor, Mrs. Sandford, executed a deed to the property to L. R. Blizard; that after that time, without the knowledge of the grantor or witnesses, the deed was changed by writing the abbreviation, "Mrs." before the name of L. R. Blizard, thus attempting to change the grant from L. R. Blizard to Mrs. L. R. Blizard. There was introduced in evidence a deed from L. R. Blizard to his wife. This deed is dated January 10, 1925. The undisputed evidence shows that the attesting witness did not see and did not sign this deed until about November 28, 1925, and that no other witness signed with him at that time. These circumstances would seem to demand a verdict as was rendered in this case; and therefore the judgment overruling the motion for new trial should not be disturbed.